UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ASHLEY MONTGOMERY COX,
EMILY DIMOND, PENNY WILLIAMS,
AMBER DIMMERLING, and LENITA GIBSON,
on behalf of themselves and all others
similarly situated,

        PLAINTIFFS,

v.                                         Civil No: 3:21-cv-00253-HEH

ELLEN MARIE HESS,
in her official capacity as Commissioner
of the Virginia Employment Commission,

        DEFENDANT.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR EXTENSION OF TIME**

    Plaintiffs oppose the Motion for an Extension of Time to File Responsive Pleadings submitted by Defendant. While Plaintiffs acknowledge that such extensions may be – by default – routinely granted, here there is no good cause for the delay sought.

### I.    OVERVIEW

    In this putative public interest class action, Plaintiffs have sought to compel the Virginia Employment Commission ("VEC") to urgently address the crisis of its delay impacting Plaintiffs and countless others like them whose claims for Federally insured unemployment compensation have been frozen in the VEC bureaucracy. As addressed fully hereafter, none of this is news to the Commonwealth, as Plaintiffs, their counsel, political leaders, the media and endless numbers of effected Virginians have been contacting the VEC for well over six months. Just Plaintiffs'

counsel alone have had multiple meetings and communications about this exact issue, and even provided the VEC the draft Complaint in advance of filing. And yet, in defense of a lawsuit premised on the allegation that the VEC cannot timely respond to Virginians seeking federal insured unemployment, the VEC suggests that it also cannot timely respond to them here.

Plaintiffs oppose any effort to slow the determinations that the Court should soon make. They thus oppose the motion for enlargement. However, the undersigned and Plaintiffs' counsel generally are sympathetic to the request for courtesies made here by Defendants' lawyers. **Plaintiffs will not object to a reasonable enlargement to respond to the Complaint, conditioned upon their ability to promptly confer with Defendant under Rule 26(f), complete the Rule 26(f) conference and serve discovery**. This path would allow Defendant the time it claims to need without increasing ultimate delay. Still, Defendant has rejected the offer.

## II. THE VEC HAS HAD SIGNIFICANT TIME TO RESPONSE

Extensions may be granted "for good cause." Fed. R. Civ. P. 6(b)(1). While Defendant asserts that "the scope of the lawsuit is broad," and that "[t]here are complex issues bearing on this Court's subject matter jurisdiction that require thoughtful consideration" Motion (ECF 11) ¶ 7, in the circumstances presented here, those assertions do not amount to "good cause."

Defendant's assertion that its counsel "requires additional time to investigate and analyze these claims" has no basis. Defendant does not assert that liability issues in this case are complex – and they are not. Instead, Defendant asserts only that "[t]here are complex issues bearing on this Court's subject matter jurisdiction," Motion (ECF 11) ¶ 7, without defining what those complex jurisdictional issues might be. Notably, this suit alleges violations of federal law and the U.S. Constitution.

Already, five private litigators have appeared for the VEC in this case – all excellent. And

as of April, two lawyers from the Office of the Attorney General were on the team. If this Defendant, with all its resources and what should be both a legal and political motivation to avoid delay, cannot answer a fairly simple Complaint thirty days after first receiving a copy, the VEC has bigger problems still.

As detailed herein, Defendant has known about all aspects of this case for six months: the classes, the claims, and the governing law were described in detail in a letter from Plaintiffs' counsel as early as November 6, 2020. Further details were repeated in subsequent letters and meetings. Defendant was also aware that Plaintiffs planned litigation if discussions were not fruitful, and received a draft complaint in advance of filing. Defendant apparently chose to wait until April 26 to retain new counsel, Motion (ECF 11) ¶ 4 – three weeks after receiving the draft Complaint, and ten days after being formally served. But that was Defendant's choice – and Defendant cannot create "good cause" for an extension by failing to act promptly.

Defendant asks the Court for an enlargement through May 28, 2021 to respond to a Complaint alleging a set of facts and limited claims of which it has been aware for months. Plaintiffs' counsel first described the issues confronting the members of these two classes in a letter sent to VEC on November 6, 2020. Ex. A. The letter describes the classes, the legal issues, and some potential remedies. *Id.* After an introductory paragraph, the letter stated:

> We are preparing a federal class-action complaint on behalf of our clients and the thousands of Virginians who are similarly situated. Given our history of collaboratively resolving legal disputes, we first ask to work with you to come to a solution without the need for litigation.

*Id.* at 1.

Plaintiffs' counsel met with VEC officials on November 16. At the meeting, VEC officials stated (in the words of a synopsis sent by Plaintiffs' counsel to VEC) that "VEC is now in the process of shifting as many employees as possible to adjudication," where the claims at issue here

3

are stalled. Ex. B. In addition, VEC stated that it was working on "a broader review of the data" to allow sorting for more prompt adjudication. *Id.* No one – especially the VEC – today contends Defendant did as represented.   And so, Plaintiffs' counsel sought a follow-up meeting in a letter dated December 14 (Ex. C), and again on January 14 (Ex. D) when the December 14 letter went unanswered. Again, Plaintiffs' counsel was clear about the prospect of litigation:

> We would value the opportunity, in lieu of litigation, to continue conversations on these important topics.

*Id.* Nevertheless, a subsequent meeting held on February 12 produced no results from VEC.

On April 5, 2021, Plaintiffs' counsel sent a letter with a copy of a near-final draft of the Complaint to the VEC (and to Virginia Governor Ralph Northam). The letter offered (to no avail) to delay filing for another week to allow further opportunities for meaningful discussion. The Complaint was filed on April 15 and served on April 16. Defendant's answer (or Rule 12 motion) is due May 7. Fed. R. Civ. P. 8(a)(1)(A)(i).   On April 20, 2021, Plaintiffs' counsel reached out to the attorneys then representing the VEC, and tried to open a dialogue to anticipate a later request for enlargement and discuss a means to mitigate the harm to Plaintiffs if sought.  ("As service has been made, the VEC's response will be due shortly.  Ordinarily, we are open to all reasonable requests for enlargement.  Obviously here - given the stakes for the Plaintiffs and putative class - we would not be able to agree absent some way to avoid the impact of the added delay."). No substantive response was ever made until late last week.

Plaintiffs' counsel has offered the same compromise suggested above:  just as in many matters, the Parties complete their Rule 26(f) conference and as deemed appropriate commence written discovery while motion's practice continues on a second track.  Defendant refused.

### III.    DELAY HERE IS UNIQUELY IRREPARABLE

The harm caused by an extension would be significant, and that harm would fall on the

most vulnerable Virginians. As the Complaint describes, tens of thousands of people are currently suffering from Defendant's violations of Plaintiffs' constitutional due process rights and statutory obligations. Unemployment benefits are intended to provide emergency cash assistance to workers who lose their jobs, and benefits are supposed to be available immediately: "as close to the nearest payday following termination" as possible. *Cal. Dep't of Human Res. Dev. v. Java*, 402 U.S. 121, 130 (1971). But for tens of thousands of Virginians – many in desperate need of that emergency assistance – unemployment benefits never came, or were illegally stopped. While constitutional violations are in and of themselves irreparable harms, in this case the government's continuing failures also mean that real families across Virginia are suffering badly.

The *effects* of Defendant's failures are broad – felt by tens of thousands of vulnerable Virginians – but the issues are narrow, and clear. Moreover, Defendant has had a detailed factual and legal explanation of these claims in hand for six months, and for that entire time Defendant has been aware that Plaintiffs' counsel was "preparing a federal class-action complaint" if the claims could not be adequately resolved. Ex. A. Moreover, on April 5 – eleven days before the Complaint was served – Plaintiffs' counsel sent a near-final draft of the Complaint, Ex. B. Accordingly, Defendant's assertion that "orderly adjudication of these important issues will be frustrated" without additional delay, Motion (ECF 11 ¶ 7) has no basis in fact.

Defendant thus incorrectly asserts that Plaintiffs "cannot articulate any prejudice." *Id.* ¶ 9. Defendant's failures have led to homelessness, hunger, and misery for vulnerable citizens who have the legal right to expect that its government follows the Constitution and statutory law, and those harms continue each day this process is delayed. Plaintiff Gibson has been homeless, and she survives on food stamps and food bank handouts. Compl. (ECF 1) ¶ 91. Plaintiff Dimmerling lost her home, and she and her daughter was forced to move in with family in a different city. *Id.*

¶ 81. Plaintiff Williams is months behind on rent and bills, and she has had to borrow money to pay for necessary medicine. *Id.* ¶ 63. Plaintiff Dimond is behind on mortgage and utility payments, and she has begun to experience serious medical conditions. *Id.* ¶ 57. Plaintiff Cox has exhausted her savings, overdrawn her checking account, and is selling items on eBay to keep up with her bills. *Id.* ¶ 49. For these Plaintiffs, and the thousands of Virginians that they represent, who have already suffered due to government delays, this additional three-week delay requested by Defendants would be unconscionable.

## IV.   CONCLUSION

For the foregoing reasons, including the Defendant's failure to carry its burden of proving good cause, and the irreparable harms to Virginians flowing daily from continuing constitutional and statutory violations by their government, Defendant's Motion for an Extension of Time to File Responsive Pleadings should be denied; or in the alternative granted with the condition that the Parties commence and complete their initial Rule 26(f) conference by May 11, 2021.

Respectfully submitted,
Ashley Montgomery Cox, Emily Dimond, Penny
Williams, Melissa Dimmerling and Lenita Gibson,
on behalf of themselves and all others
similarly situated.

By:

_____/s/_____
Leonard A. Bennett, VSB # 37523
Craig C. Marchiando, VSB # 89736
Amy Austin, VSB # 46579
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Email: amyaustin@clalegal.com

Steven Fischbach, VSB # 94280
**VIRGINIA POVERTY LAW CENTER**
919 East Main Street, Suite 610
Richmond, VA 23219
Telephone: (804) 351-5266
Email: steve@vplc.org

Brenda Castaneda, VSB # 72809
Patrick Levy-Lavelle, VSB # 71190
Granville Warner, VSB # 24957
**LEGAL AID JUSTICE CENTER**
1000 Preston Avenue
Charlottesville, Virginia 22903
Telephone: (434) 977-0553
Email: brenda@justice4all.org
Email: pat@justice4all.org
Email: cwarner@justice4all.org

Daniel Turczan, VSB # 81551
**LEGAL AID WORKS**
500 Lafayette Blvd., Suite 100
Fredericksburg, Virginia 22401
Telephone: (540) 371-1105
Email: dturczan@legalaidworks.org

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
**KELLY GUZZO, PLC**
3925 Chain Bridge, Suite 202
Fairfax, VA  22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email:  kkelly@kellyguzzo.com
Email:  aguzzo@kellyguzzo.com
Email:  casey@kellyguzzo.com

7