IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ASHLEY COX, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:21cv253–HEH |
| ) | |
| ELLEN MARIE HESS, in her official ) | |
| capacity as Commissioner of the Virginia ) | |
| Employment Commission, ) | |
| ) | |
| Defendant. ) | |

## ORDER
### (Granting in Part Motion to Extend Filing Deadline)

THIS MATTER is before the Court on Defendant Ellen Marie Hess's ("Defendant") Motion for an Extension of Time to File Responsive Pleadings, filed on May 4, 2021. (ECF No. 11.) Plaintiffs filed their Class Action Complaint ("Complaint") on April 15, 2021, alleging that the Virginia Employment Commission ("VEC") has failed to provide Virginians necessary unemployment benefits within time frames mandated by federal and state law. (ECF No. 1.) Defendant was served on April 16, 2021, and her responsive pleadings are currently due on May 7, 2021. She seeks a twenty-one-day extension to May 28, 2021 to file her responsive pleadings. In support of her Motion, Defendant argues that there is good cause for an extension because Defendant did not retain her current outside defense counsel until April 26, and the issues raised by Plaintiffs are complex and bear "on this Court's subject matter jurisdiction." (ECF No. 11.) Plaintiffs oppose the extension, arguing that Defendant fails to show good

cause because she has been on notice of potential litigation for at least six months and has had a copy of the Complaint since early April. Further, Plaintiffs emphasize that the widespread and ongoing harms alleged in their Complaint evidence the prejudice they would suffer from a delay and the need for speedy resolution of this case.

A motion for extension of time to file responsive pleadings, when made before the filing deadline has passed, may be granted by the court "for good cause." FED. R. CIV. P. 6(b)(1). Determination of good cause is left to the sound discretion of the trial court. *Koehler v. Dodwell*, No. 99-1776, 2000 WL 709578, at *3 (4th Cir. June 2, 2000). "[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." *Id.* (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 475 (2d ed. 1987)). Rule 6(b)(1) "is to 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* (quoting FED. R. CIV. P. 1).

Plaintiffs here allege significant, continuing harm to a large population of Virginians. In the interests of securing a just and speedy determination of Plaintiffs' claims, this matter demands immediate attention. Delays in this particular case may well have concrete and immediate impacts on Virginians struggling to make ends meet during a global pandemic. The Court is sympathetic to defense counsel's recent entry into this case, but the danger of prejudice to Plaintiffs militates against a twenty-one-day extension to file responsive pleadings. Therefore, the Court GRANTS Defendant's Motion IN PART. Defendant shall have until **May 11, 2021** to file its answer to Plaintiffs' Complaint. The parties are furthermore hereby on NOTICE that the Court will

2

hold a telephonic status conference with counsel on Friday, May 14, 2021, at a time to be determined.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 5, 2021
Richmond, Virginia

3