## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| ASHLEY COX, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No: 3:21-cv-00253-HEH |
| | ) | |
| ELLEN MARIE HESS, in her official | ) | |
| capacity as Commissioner of the Virginia | ) | |
| Employment Commission, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER
#### (Settlement Pursuant to Judicial Mediation)

This matter came before the Court, pursuant to the Court's May 14, 2021 scheduling order for judicial mediation (ECF No. 20) between the Plaintiffs, Ashley Cox, *et al.*, on their own behalf and on behalf of similarly situated Virginians (the "Plaintiffs"), the Plaintiffs' advocates, Legal Aid Justice Center, Virginia Poverty Law Center, Legal Aid Works, Consumer Litigation Associates, P.C., and Kelly Guzzo PLC (the "Plaintiffs' Advocates"), and Defendant Ellen Marie Hess, in her official capacity as the Commissioner of the Virginia Employment Commission (the "VEC"), which then occurred over multiple days culminating on May 18, 2021. As a result of said mediation, Plaintiffs and the VEC (collectively, the "Parties") have worked to reach an agreement, the terms of which are memorialized herein, to identify shared objectives, solutions, and standards designed to expedite the resolution of pending claims awaiting adjudication.

The Court recognizes that the unprecedented COVID-19 pandemic and pandemic-related restrictions caused a significant increase in unemployment claims and overwhelmed unemployment compensation programs nationwide, including Virginia. For all of 2019, the VEC reports it received 136,243 initial claims for UI benefits. Since the beginning of the pandemic, the

1

VEC reports processing more than 1.6 million unemployment insurance (UI) claims and distributing $13.1 billion in benefits to over 1.3 million eligible Virginians. At the onset of the pandemic in March 2020, the VEC reports that 235,849 initial UI claims were filed—nearly 100,000 more than in all of 2019. The following month, another 386,126 claims were filed. For the 12 months ending February 28, 2021, the VEC received initial claims totaling 1,483,164, a tenfold increase from pre-pandemic levels.

The Court acknowledges the hard work and continuing efforts of the dedicated public servants at the VEC to distribute unemployment benefits to eligible Virginians. However, the unprecedented demand for UI benefits during the pandemic, along with the sudden and unexpected implementation of three brand new federal pandemic-related benefit programs, caused delays in the adjudication of pending claims for UI benefits. The VEC reports that as of May 10, 2021, there are approximately 73,795 unpaid claims for traditional UI, Pandemic Emergency Unemployment Compensation ("PEUC"), and federal Extended Benefits ("EB") awaiting adjudication, and 18,363 unpaid claims for federal Pandemic Unemployment Assistance ("PUA") benefits pending adjudication.

The VEC further reports there are additional claimants whose cases have been identified for deputy adjudication that are receiving UI payments through the VEC. The VEC reports that on December 7, 2020, it implemented programming designed to ensure that these claimants continued to receive benefit payments while awaiting deputy adjudication. The VEC reports that this programming resulted in 119,050 issues being immediately resolved and more than $181,700,000 in UI benefits being paid to 41,941 individuals.

The VEC further reports that it has prioritized the adjudication of unpaid claims that have been flagged for issues related to ineligibility. executed a contract that will add 300 additional

2

adjudication officers – nearly quadrupling the Commission's existing resources who will be dedicated to the adjudication of pending UI claims. To facilitate implementation, this additional staff will be added on a rolling basis in the coming months. In addition, the VEC is also recently requested resources to contract an additional 300 adjudicators and opened a new Customer Contact Center.

This case was brought by Plaintiffs' Advocates to address the handling of UI claims awaiting adjudication. The Court acknowledges the work of Plaintiffs' Advocates in this litigation. Both Parties acknowledge that the adjudication of unemployment claims is a vital public service, even more so during the COVID-19 pandemic, which has inflicted economic hardship on countless Virginians.

**Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1.      **Information Sharing**. Beginning as soon as administratively feasible, and no later than June 1, 2021, and continuing for each week through the remainder of 2021, VEC shall provide to Plaintiffs' Advocates a report (the "Report") containing the total number of individuals who, as of May 10, 2021, have filed a claim with VEC for Unemployment Benefits after February 1, 2020; filed at least one additional weekly claim for benefits, for which there are payable benefits; and neither received benefit payments, nor an appealable decision from a VEC deputy denying their claim, for more than 21 days after their claim was filed. "Unemployment Benefits" or ("UI") includes both traditional state UI benefits and the various federal benefit programs [e.g. PUA, PEUC1, PEUC2, EB, etc.] created under federal COVID-era laws. This Report shall be provided weekly, by Wednesday following the reporting week. Each such Report shall include the number of all individuals then presently meeting the criteria above, regardless of whether they have been identified in a prior Report.

2.     For the remainder of 2021, the VEC will report weekly adjudication numbers to Plaintiffs' Advocates by Wednesday following the reporting week.  The Report shall separately state the total number of UI claims adjudicated by the VEC during the prior week and the number of claims of the Unpaid Claims Awaiting Adjudication (as defined in paragraph 5 below) that remain waiting for deputy adjudication as of that week.

3.     Separate from the Report, the Court orders the VEC to provide all data it provides to the U.S. Department of Labor ("DOL") through the remainder of 2021 regarding the timeliness of Nonmonetary Determinations contemporaneously to the Plaintiffs' Advocates, including, data supplied on ETA Form 9052 and ETA Form 207, at the same time and each time it is submitted to DOL. The documents and data provided by the VEC pursuant to this paragraph shall be kept confidential – attorney's eyes only pursuant to a protective order to be entered separately by the Court.

4.     The Parties shall also work collaboratively to exchange regular updates regarding the progress of the VEC's efforts to expedite the resolution of UI claims that have been flagged for issues related to potential ineligibility or fraud. As part of this commitment, the Parties shall meet regularly to discuss the status of pending UI claim adjudications.

5.     **Adjudication Performance Standards**.   The VEC shall comply with the following performance standards (the "Performance Standards"), for the resolution of the pending unpaid claims awaiting adjudication as of May 10, 2021 (the "Unpaid Claims Awaiting Adjudication"), which is defined to include all unpaid claims awaiting adjudication for traditional UI benefits, PEUC, federal extended benefits ("EB"), and PUA federal benefits. The VEC reports that as of May 10, 2021, the total number of Unpaid Claims Awaiting Adjudication is 92,158

claims. For purposes of clarification, Unpaid Claims Awaiting Adjudication do not include UI claims flagged for potential fraud.

      a.     The VEC shall increase the number of UI claims adjudicated (including but not limited to all nonmonetary issues on such claims) to at least 10,000 per week by July 1, 2021, and to at least 20,000 per week by August 1, 2021.

      b.     By September 6, 2021, the VEC shall substantially resolve at least 95% of the Unpaid Claims Awaiting Adjudication, by adjudicating any and all issues on such unpaid claims. No later than September 13, 2021, the VEC shall file a status report addressing the VEC's compliance with the 95% completion standard and particularized reasons why any remaining significant number of the Unpaid Claims Awaiting Adjudication have not been resolved. If the Parties are unable to resolve their disagreements through a meet and confer process, either party may seek redress from the Court. If the VEC substantially complies with the 95% completion standard before the September 6, 2021 deadline, it may file a status report at that time.

      6.     The Parties shall file a joint status report by July 1, 2021, as to the VEC's progress toward the completion standard set out in this order. If the Parties cannot agree upon the content of a joint status report, they may file separate reports on that date. If there is any disagreement between the Parties, either party may request a hearing or status conference to address any disputed matters.

      7.     If VEC believes it will be unable to substantially comply with the September 6, 2021 completion standard, it shall meet and confer with Plaintiffs' Advocates to address the issue. If the Parties are unable to resolve any disputed matters amongst themselves, the VEC shall file an appropriate motion, or notify the Court informally, by August 14, 2021 to detail and establish any good cause basis to alter or modify this schedule. If there is any disagreement between the Parties,

the Court shall set a hearing date to take argument and evidence on disputed matters or resolve the matter through a status conference.

8.      The VEC shall as soon as practicable, but no later than June 14, 2021, prioritize the adjudication of unpaid UI claims that have been flagged for code "75" issues, which are claims with no wages or employer number attached. As soon as administratively feasible, but no later than June 21, 2021, the VEC shall run a program to identify wages or system notes indicating an employer exists; when wages or an employer are identified by the VEC through this search, the issue shall be lifted (excepting fraud issues), and the claim shall be paid.

9.      The VEC shall review as soon as practicable, but no later than June 14, 2021, all unpaid UI claims with voluntary quit separation issues. The VEC shall send a notice to all UI applicants in the voluntary quit group directing every applicant to complete a short questionnaire through the VEC's website which shall allow them to attest to the primary reason for their unemployment status. If the applicant attests that their primary reason for unemployment is one for which the applicant might otherwise be ineligible for UI, but eligible for PUA (such as lack of childcare or school closing), the VEC shall immediately disqualify them for regular UI benefits, and screen the applicant for eligibility for federal pandemic expanded benefits such as PUA.

10.     The VEC shall hire appeals examiners as necessary and administratively feasible to avoid and resolve delays in unpaid appeals.

11.     **Resolution of Open Continued Claims**.  The VEC shall address and resolve the difficulties alleged on behalf of individuals who: (a) have received one or more unemployment benefit payments from VEC since February 1, 2020; (b) have filed at least one additional weekly claim for benefits, for which there are payable benefits; and (c) subsequently stopped receiving benefits for a period greater than twenty-one (21) days without receiving either: (i) an appealable

6

decision from a VEC deputy denying their claims, or (ii) all benefit payments he or she would be entitled to receive if shown to be eligible and qualified (the "Continued Claims" cases).  This is not intended to modify any Department of Labor standard.

12.     On or before June 10, 2021, the VEC shall provide Plaintiffs with a description of internal VEC processes and programmatic changes that were implemented on December 7, 2020 (and thereafter) which were intended to adequately ensure that the VEC properly addresses all Continued Claims cases in the future.   The VEC shall provide any explanations as to why this process failed to identify specific individual Plaintiffs represented by Plaintiffs' Advocates who were entitled to Continued Claims relief but did not receive such relief. The VEC further shall run a query to identify any individuals who filed an initial claim for UI benefits after February 1, 2020, received one or more UI payments from VEC, and subsequently stopped receiving benefits for a period greater than twenty-one (21) days without receiving an adjudication. For any claims that fall within this category that are not currently being paid, the VEC shall pay them by June 15, 2021. This is not intended to modify any Department of Labor standard.

13.     The VEC shall take administratively feasible steps to notify claimants who may be eligible for continued claims relief but who need to take steps to resolve issues with their claims, as to the issue and how it may be resolved. The VEC shall use its best efforts to program its Customer Service Center systems to recognize these claimants (e.g. by Social Security Number) for priority access in reaching VEC representatives. The Parties shall meet and confer on the number of claimants, and patterns of residual issues associated with them, in the Continued Claims category who do not or cannot access this relief promptly pursuant to the above.

14.     **Improve Communications Between VEC and Applicants/Recipients**. The VEC will continue to use its best efforts to increase staffing and upgrade and enhance technology to

improve call wait times whenever feasible. The VEC will continue to work to improve contact center services and, if necessary, procure an additional contract to hire additional customer contact center staff to augment the current customer support services being provided. Nothing in this paragraph shall create a right of action for individual claimants, recipients, or Plaintiffs' Advocates against the VEC.

15. **Alternate or Supplemental Benefit Information**. As soon as administratively feasible, the VEC shall begin planning for a process that will automatically provide information to each unemployment insurance claimants regarding how to apply for rent or mortgage relief programs, other COVID-related relief, utility assistance programs, and Supplemental Nutrition Assistance Program (SNAP) benefits.

16. **Claims of Named Plaintiffs, Identified individuals and *Pro Se* Cases.** The VEC shall commit to resolve the claims regarding the named individual Plaintiffs. It shall resume continued claims to Named Plaintiffs with a Continued Claims case by May 25, 2021, unless that Named Plaintiff has exhausted eligibility for benefits or has been deemed ineligible for benefits through the adjudication process. VEC will pay all retroactive benefits withheld thus far; review and resolve (i.e., process and provide deputy adjudication, if needed) the claims of each Named Plaintiff, by May 28, 2021; and provide a written report to Plaintiffs' Counsel describing the resolution of each Named Plaintiff's claim.

17. VEC shall provide each Named Plaintiff with an opportunity for expedited administrative review of their UI claim identified in the Complaint and issues identified as of the date of this Order that shall ensure a first-level appeal decision within thirty (30) days of appeal, or within thirty (30) days of this Order, whichever is later.

18.     The VEC shall address the claims of additional claimants who have contacted Plaintiffs' Advocates prior to May 21, 2021 and whose claims require resolution by the VEC. Plaintiffs' Advocates shall send to the VEC a list containing the name, address, claim number (if known), and any summary of issue provided for additional consumers, who directly contact Plaintiffs' Advocates and who authorize and direct such assistance. The VEC shall review and resolve those issues on an expedited basis and provide an update to Plaintiffs' Advocates within twenty-eight (28) days of receiving the list from Plaintiffs' Advocates, or as soon as administratively feasible. For the avoidance of doubt, nothing in this paragraph creates a presumption of eligibility with respect to these additional consumers.

19.     The Court has asked Leonard A. Bennett and Amy Austin, Consumer Litigation Associates, P.C. and Kristi Kelly, Kelly Guzzo, PLC., (collectively, "*Pro Bono* Counsel") to contact each unrepresented individual with an individual action pending in either the Eastern District of Virginia or the Western District of Virginia to determine if the *pro se* plaintiff would like and accept assistance in resolving that matter and any outstanding UI claim in accordance with the process ordered herein. *Pro Bono* Counsel shall report to the Court the results of such contacts no later than June 1, 2021.

20.     **Remedies.**  Specific terms agreed herein by the Parties may be enforced only by the VEC and the Plaintiffs' Advocates and before the Court but may be enforced on behalf of any affected applicant as a third-party beneficiary. In the event VEC and Plaintiffs are unable to resolve a material dispute under this Order, either party may present the dispute to the Court for resolution following a meet and confer process.

21.     **Litigation Suspended**. It is the Court's hope that this Order will fully resolve the issues and claims within this Lawsuit.   Accordingly, all outstanding deadlines and litigation not

9

provided in this Order are suspended until October 1, 2021.   No later than September 13, 2021,

the Parties shall either jointly or separately file a detailed status report and advise of whether this

matter may thereafter be closed and dismissed, or if not, what other actions are required.

     22.   **Continuing Jurisdiction.**   The Court shall have continuing jurisdiction to enforce,

alter, or amend this Order, and to enter further such orders or grant other relief as the Court deems

appropriate.

     Entered and Ordered this _____ day of__ _____, 2021.


_____
United States District Judge


**WE ASK FOR THIS:**

ASHLEY COX, EMILY DIMOND, PENNY WILLIAMS,
AMBER DIMMERLING, AND LENITA GIBSON,
on behalf of themselves and all others similarly situated

By: _____ Pat Levy-Lavelle _____
Leonard A. Bennett (VSB #37523)
Amy Austin (VSB #46579)
Craig C. Marchiando (VSB #89736)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Steven Fischbach (VSB #94280)
Virginia Poverty Law Center
919 East Main Street, Suite 610
Richmond, VA 23219
Telephone: (804) 351-5266

Brenda Castaneda (VSB #72809)
Patrick Levy-Lavelle (VSB #71190)
Granville Warner (VSB #24957)
Legal Aid Justice Center
1000 Preston Avenue
Charlottesville, VA 22903
Telephone: (434) 977-0553


Daniel Turczan (VSB #81551)
*Admission to EDVA Pending*
Legal Aid Works
500 Lafayette Blvd., Suite 100
Fredericksburg, VA 22401
Telephone: (540) 371-1105

Kristi Cahoon Kelly (VSB #72791)
Andrew J. Guzzo (VSB #82170)
Casey S. Nash (VSB #84261)
Kelly Guzzo, PLC
3925 Chain Bridge, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167

*Counsel for Plaintiffs Ashley Cox, et al.*

ELLEN MARIE HESS, in her official capacity
as Commissioner of the Virginia Employment Commission

By:
William W. Tunner (VSB #38358)
William D. Prince IV (VSB #77209)
Michael G. Matheson (VSB #82391)
John P. O'Herron (VSB #79357)
Rachel W. Adams (VSB #92605)
THOMPSON MCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813

*Counsel for Defendant Ellen Marie Hess, in her official capacity
as Commissioner of the Virginia Employment Commission*

ELLEN MARIE HESS, in her official capacity
as Commissioner of the Virginia Employment Commission

By:
Ellen Marie Hess, Commissioner of the Virginia Employment Commission

Date: 05/24/2021

12