**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| ASHLEY COX, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-253-HEH |
| | ) | |
| ELLEN MARIE HESS, in her official | ) | |
| capacity as Commissioner of the Virginia | ) | |
| Employment Commission, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT ADDRESSING COMPLIANCE WITH THE**
**ADJUDICATION COMPLETION STANDARD AND**
**REQUEST FOR DISMISSAL OF THE CASE**

Defendant Ellen Marie Hess, in her official capacity as Commissioner of the Virginia

Employment Commission ("Commissioner Hess"), by counsel, submits the below status report in

accordance with Paragraphs 5(b) and 21 of the Court's May 25, 2021 Settlement Order entered

pursuant to Judicial Mediation (ECF No. 25) (the "Settlement Order") as to the Virginia

Employment Commission's ("VEC") substantial compliance with the 95% completion standard

set out in the Settlement Order and, pursuant to the parties' settlement agreement, request for

dismissal of the case and relief from all reporting obligations imposed by the Settlement Order.

1.      **The VEC Has Complied with the 95% Adjudication Completion Standard**.

Since the Settlement Order was entered on May 25, 2021, the VEC has diligently worked to

prioritize the resolution and adjudication of Unpaid Claims Awaiting Adjudication (as defined in

Paragraph 5 of the Settlement Order) as of May 10, 2021.  The Settlement Order set out a process

for the VEC to address its backlog of outstanding unemployment adjudications.  As the Court is

aware, the VEC reported that as of May 10, 2021, the total number of Unpaid Claims Awaiting Adjudication was 92,158.  In its July 1, 2021 status report, the VEC reported that the number of Unpaid Claims Awaiting Adjudication had diminished to 39,925 as of the week ending June 26, 2021.  Further, during a telephone conference with counsel on July 21, 2021, the Court was informed by counsel for Commissioner Hess that the number of Unpaid Claims Awaiting Adjudication had been reduced to 23,324 as of the week ending July 17, 2021.

2.       The VEC is pleased to report that, as of the week ending August 7, 2021, the remaining number of Unpaid Claims Awaiting Adjudication is now **1,860**.[1]  Importantly, the VEC has met the 95% completion standard set out in Paragraph 5 of the Settlement Order by substantially resolving greater than 95% of the Unpaid Claims Awaiting Adjudication, and has done so almost one month before the Settlement Order's September 6, 2021 deadline.[2]  At present, the VEC has adjudicated or substantially resolved 90,298 – or approximately 98% – of the original 92,158 Unpaid Claims Awaiting Adjudication.

3.       **The Number of Weekly Adjudications Have Substantially Increased**.  Since the entry of the Settlement Order, the VEC has actively worked to increase the total number of Unemployment Insurance ("UI") claims adjudicated each week, which includes both traditional state UI benefits and the various federal benefit programs created under federal COVID-era laws (e.g., PUA, PEUC1, PECU2, EB).  During the week ending May 22, 2021, which was the week

---

[1] The majority of the remaining Unpaid Claims Awaiting Adjudication involve overpayment issues that are being reviewed to see whether the VEC can recoup overpayments through another benefits program.  Many of the remaining claims are complex and require review by experienced VEC hearing officers.

[2] Paragraph 5(b) of the Settlement Order requires the VEC to "substantially resolve at least 95% of the Unpaid Claims Awaiting Adjudication by adjudicating any and all issues on such unpaid claims" by September 6, 2021.

preceding the Court's entry of the Settlement Order, the total number of UI claims adjudicated was 6,220.  For the week ending July 24, 2021, the total number of UI claims adjudicated was 20,016.  For the week ending July 31, 2021, the total number of UI claims adjudicated was 18,576.  And for the week ending August 7, 2021, the total number of UI claims adjudicated was 38,429, which is more than six (6) times the number of UI claims adjudicated by the VEC during the week before the Settlement Order was entered.

4.     **Improvements at VEC Call Center**.  As explained in the VEC's July 22, 2021 status report regarding the VEC's action plan to address call center issues, it has established an additional customer call center operated by Deloitte.  The new call center will be staffed by 300 new call center agents, with the option of employing additional personnel.  The first wave of new call center agents began taking calls from VEC customers on August 2, 2021, with the second wave scheduled to begin training that same day.  The second wave of new call center agents began taking calls on August 10, 2021.  These new call center agents, which are in addition to the approximately two hundred VEC regular employees assigned to the call centers, will improve customer service, and make the VEC's customer support center more accessible to the public.

5.     **The Parties Have Worked Collaboratively to Share Information**.  Since the Settlement Order was entered on May 25, 2021, the VEC and the Plaintiffs' Advocates have met in-person or virtually on multiple occasions to discuss the status of pending UI claim adjudications and exchange information regarding the VEC's progress towards meeting the completion standard set out in the Settlement Order.  As contemplated in the Settlement Order, the VEC has provided weekly reporting (on each Wednesday following the reporting week) on the number of adjudications, including the total number of UI claims adjudicated by the VEC during the prior week and the number of Unpaid Claims Awaiting Adjudication that remain at the end of the

reporting week.  The VEC has also shared data that it provides to the U. S. Department of Labor ("DOL") regarding timeliness of nonmonetary determinations with Plaintiffs' Advocates, including data supplied on ETA Form 9052 and ETA Form 207.  Although not required by the Settlement Order, the VEC has shared additional information and documentation requested by Plaintiffs' Advocates, answered numerous questions about the VEC's processes and procedures for handling UI claims, and made a good faith effort to assist individuals who have contacted Plaintiffs' Advocates seeking their assistance with pending UI claims.

6.    **Processing of Continued Claims Cases**.  The VEC and Plaintiffs' Advocates have engaged in dialogue regarding the eligibility and treatment of claimants who potentially fall within the Continued Claims category (as defined in the Settlement Order).  The VEC has received guidance from the DOL regarding the eligibility of claimants for Continued Claims treatment who have been flagged for issues not addressed in the Settlement Order, including issues related to ID.Me or failure to upload proof of employment documentation as directed by the DOL.  In addition, the VEC considered a request from Plaintiffs' Advocates to modify the suspension period for benefit payments to claimants who have already started receiving UI benefits and qualify for Continued Claims relief from 21 days to 14 days, unless the issue is adjudicated during this period. Last week, and as a result of these discussions and additional guidance from the DOL, the VEC implemented programmatic changes to its claims processing system to: (i) reduce the benefit suspension period for Continued Claims cases to 14 days; (ii) resume benefit payments for all claimants who failed to clear the ID.Me identity verification process and have no other outstanding issues with their claims; and (iii) resume benefit payments to claimants with benefits on hold because they failed to upload the required proof of employment documentation.  Finally, the VEC

reactivated the document upload function on its website so claimants may upload their proof of employment documents as necessary.

7.    **Hiring of Additional Adjudication Officers**.  The VEC also continues to hire additional adjudication hearing officers.  As of August 10, 2021, the VEC has 183 regular VEC staff assigned to claim adjudications.  In addition, the VEC is utilizing contract staff to perform adjudication work.  The VEC has approximately 226 contract hearing officers in place to address and adjudicate pending UI claims.  The next class of 80 contract adjudicators is under recruitment with an August training date to be determined.  The VEC continues to recruit and interview for hearing officer positions.

8.    **Adjudication of Related *Pro Se* Cases**.  On July 21, 2021, the VEC filed a status report with the Court regarding the status of outstanding claims for unemployment benefits filed by unrepresented individuals who have filed related *pro se* lawsuits against Commissioner Hess and the VEC.  As indicated in the VEC's status report, the VEC has addressed and/or adjudicated the outstanding UI claims in these related *pro se* cases in accordance with the process set out in the Settlement Order.[3]

9.    **Claims of Additional Claimants Have Been Addressed**.  Paragraph 18 of the Settlement Order required the VEC to address the claims of additional claimants who contacted Plaintiffs' Advocates prior to May 21, 2021 and whose claims required resolution by the VEC.  On June 30, 2021, Plaintiffs' Advocates provided counsel for the VEC with a list of additional claimants who directly contacted them seeking their assistance with outstanding unemployment

---

[3] On August 6, 2021, counsel for the VEC filed dispositive motions seeking dismissal on various grounds of the five related *pro se* matters pending before this Court, including on grounds of mootness and failure to exhaust state court remedies.  Put simply, no further action is required by the VEC to resolve or address any outstanding claims for UI benefits filed by these *pro se* plaintiffs.

benefit issues.  The VEC reviewed the issues related to these additional claimants and, on July 28, 2021, provided a report to Plaintiffs' Advocates regarding the status and resolution of the issues raised by these additional claimants.

### Request for Dismissal of Case and Relief from Reporting Obligations

The backlog of outstanding unemployment benefits adjudications is effectively gone.  The VEC has complied with the adjudication performance standards set out in Paragraph 5 of the Settlement Order.  The total number of Unpaid Claims Awaiting Adjudication has decreased from 92,158 (as of the Settlement Order's entry on May 10, 2021) to 1,860 (as of the week ending August 7, 2021), meaning that approximately 98% have now been resolved.  Thus, the VEC has substantially resolved greater than 95% of the Unpaid Claims Awaiting Adjudication and has met the Settlement Order's completion standard almost a month before the September 6, 2021 deadline. Pursuant to Paragraph 5(b) of the Settlement Order, "[i]f the VEC substantially complies with the 95% completion standard before the September 6, 2021 deadline, it may file a status report at that time."

During the week ending August 7, 2021, the VEC adjudicated 38,429 UI claims, greatly surpassing the 20,000 weekly benchmark set out in the Settlement Order.  As described above, the VEC has met or exceeded its benchmarks for claims adjudications set forth in the settlement agreement memorialized in the Settlement Order.  And, because the VEC has met or exceeded the adjudication performance standards in the Settlement Order, it is no longer necessary for the VEC to provide weekly reporting of adjudication numbers to Plaintiffs' Advocates.[4]

---

[4] The Settlement Order requires the VEC to report weekly adjudication numbers by Wednesday following the reporting week through the remainder of 2021, including the total number of UI claims adjudicated by the VEC during the prior week and the number of Unpaid Claims Awaiting Adjudication that remain for deputy adjudication as of that week.

The Settlement Order fully resolved the issues and claims within this lawsuit.  No further actions are required by the VEC to expedite the resolution of Unpaid Claims Awaiting Adjudication.  Consistent with Paragraphs 5 and 21 of the Settlement Order, the VEC requests this matter be dismissed with prejudice and closed in accordance with the settlement reached in this case.  Given the VEC's compliance with the adjudication completion standards, the VEC also requests that further reporting of weekly adjudication numbers be deemed unnecessary.

Date: August 10, 2021

> Respectfully submitted,
>
> ELLEN MARIE HESS, in her official capacity as Commissioner of the Virginia Employment Commission
>
>
> By: ___/s/_____
> William W. Tunner (VSB #38358)
> William D. Prince IV (VSB #77209)
> Michael G. Matheson (VSB #82391)
> John P. O'Herron (VSB #79357)
> Rachel W. Adams (VSB #92605)
> THOMPSON MCMULLAN, P.C.
> 100 Shockoe Slip, 3rd Floor
> Richmond, Virginia 23219
> Tel: (804) 649-7545
> Fax: (804) 780-1813
> wtunner@t-mlaw.com
> wprince@t-mlaw.com
> mmatheson@t-mlaw.com
> joherron@t-mlaw.com
> radams@t-mlaw.com
>
> *Counsel for Defendant Ellen Marie Hess, in her official capacity as Commissioner of the Virginia Employment Commission*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Craig C. Marchiando (VSB #89736)
Leonard A. Bennett (VSB #37523)
Amy Austin (VSB #46579)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
lenbennett@clalegal.com
craig@clalegal.com
amyaustin@clalegal.com

Steven Fischbach (VSB #94280)
Virginia Poverty Law Center
919 East Main Street, Suite 610
Richmond, VA 23219
Telephone: (804) 351-5266
steve@vplc.org

Brenda Castaneda (VSB #72809)
Patrick Levy-Lavelle (VSB #71190)
Granville Warner (VSB #24957)
Legal Aid Justice Center
1000 Preston Avenue
Charlottesville, VA 22903
Telephone: (434) 977-0553
brenda@justice4all.org
pat@justice4all.org
cwarner@justice4all.org

Daniel Turczan (VSB #81551)
*Admission to EDVA Pending*
Legal Aid Works
500 Lafayette Blvd., Suite 100
Fredericksburg, VA 22401
Telephone: (540) 371-1105
dturczan@legalaidworks.org

8

Kristi Cahoon Kelly (VSB #72791)
Andrew J. Guzzo (VSB #82170)
Casey S. Nash (VSB #84261)
Kelly Guzzo, PLC
3925 Chain Bridge, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com
casey@kellyguzzo.com

By: ____/s/_____
William D. Prince IV (VSB #77209)
THOMPSON MCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wprince@t-mlaw.com

*Counsel for Defendant Ellen Marie Hess, in her official capacity as Commissioner of the Virginia Employment Commission*