IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ASHLEY COX, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-253-HEH |
| ) | |
| ELLEN MARIE HESS, in her official ) | |
| capacity as Commissioner of the Virginia ) | |
| Employment Commission, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

All parties, by and through counsel, submit this joint status report pursuant to the Court's August 25, 2021 Order (ECF No. 42) directing the parties to meet and devise a path to resolve the remaining issues and to provide the Court with a status report detailing benchmarks for resolution. Since the entry of the Court's Order, the parties have worked diligently to identify the remaining issues and establish appropriate benchmarks. The parties have held several meetings and have exchanged substantive written proposals, which have culminated in the following report devising a path to resolve the remaining issues and establishing appropriate benchmarks.

    1.    **Unpaid Claims Awaiting Adjudication as of May 10, 2021**. The VEC has met the completion standard set out in the May 25, 2021 Settlement Order for resolving Unpaid Claims Awaiting Adjudication arising as of May 10, 2021. Unpaid Claims Awaiting Adjudication as of May 10, 2021 are substantially complete and the VEC reports that as of the week ending October 23, 2021, the total number of Unpaid Claims Awaiting Adjudication as of May 10, 2021 is 279. The VEC reports that all of these 279 claims have received PUA benefits, and the VEC will administratively move the duplicate weeks to another program to offset the PUA benefits that have

been paid. VEC staff will continue to actively work on the administrative adjustments for these claims; however, since these claimants have received PUA benefit payments and are not waiting for deputy adjudication, these claims will no longer be reported as Unpaid Claims Awaiting Adjudication as of May 10, 2021. For purposes of clarification, Unpaid Claims Awaiting Adjudication as of May 10, 2021 do not include claims flagged for potential fraud.

2. **Unpaid Claims Awaiting Adjudication since May 10, 2021**. The VEC agrees to substantially resolve at least 95% of the pending unpaid claims awaiting adjudication arising after May 10, 2021 through October 15, 2021 ("Unpaid Claims Awaiting Adjudication as of October 15") on or before November 19, 2021. For purposes of clarification, Unpaid Claims Awaiting Adjudication as of October 15 do not include claims flagged for potential fraud. No later than November 30, 2021, the VEC will file a status report addressing the VEC's compliance with the completion standard in this paragraph 2. If the VEC believes it will be unable to comply with the completion standard set forth above, it will meet and confer with Plaintiffs' Advocates to address the issue and discuss a modified schedule. The VEC agrees to continue weekly reporting of Unpaid Claims Awaiting Adjudication as of October 15 until the VEC's status report is filed as provided in this paragraph, provided the performance standard in this paragraph is met. If said performance standard is not met when the status report is filed, the VEC will continue to provide weekly reporting of Unpaid Claims Awaiting Adjudication as of October 15 until the performance standard is met.

3. The VEC will use its best efforts to address or resolve all pending unpaid claims with issues awaiting deputy adjudication as soon as possible and will collaboratively work with Plaintiffs' Advocates regarding these efforts. Furthermore, beginning on or before December 8, 2021, the VEC agrees to contemporaneously share with Plaintiffs' Advocates its status reports to

the United States Department of Labor ("DOL") related to the VEC's compliance with the current 2021 state quality service plan until such time as the VEC meets the standards set forth in that plan. These status reports will be provided on a confidential basis subject to the Agreed Protective Order entered by the Court.

    4.  Because Congress did not extend the exemption from the requirement that written determinations and adjudications must be performed by merits staff, the VEC can no longer guarantee that the number of UI claims adjudicated per week will be at least 20,000 per week. Many of the contract employees who were performing adjudications are being reassigned to the appeals section to handle work in that area. However, the VEC will continue to maintain enough employees and contract workers as necessary to meet the above-referenced performance commitments provided funding is available to support such contractual obligations.

    5.  **Customer Call Center Issues**. The VEC has taken steps to address issues related to the customer call center. The additional call center operated by Deloitte is operational and is being staffed by 300 call center agents. These new call center agents, which are in addition to the approximately two hundred VEC employees assigned to the call centers, have improved customer service, and made it more accessible to the public. In order to provide transparency regarding call center performance, the VEC agrees to provide monthly updates to the Plaintiffs' Advocates regarding customer call center performance and issues through July 31, 2022, including call center tracking metrics provided by Deloitte showing the number of calls handled, average speed to answer, call wait times, etc. The VEC agrees to use best efforts to maintain appropriate staffing levels at the customer call centers operated by VEC employees and Deloitte. Furthermore, the VEC recognizes the importance of providing additional ways (apart from its customer call center) to help customers get access to its important services.

6. **Continued Claims**.  The VEC has already reduced the benefit suspension period for claimants who qualify for continued claims status from 21 days to 14 days unless the issue is adjudicated during this 14-day period.  Individuals flagged with issue codes 60, 81 and 82 are potential fraudulent claims, and the VEC does not consider those individuals part of this category.  Thus, the VEC believes that all individuals who qualify for continued claims status are being paid benefits, or have had their benefits resumed, unless the issue on the individual's claim has been adjudicated.  The VEC has also implemented programmatic changes to its claims processing system to: (i) resume benefit payments for all claimants who failed to clear the ID.ME identify verification process and have no other outstanding issues with their claims and (ii) resume benefit payments to claimants with benefits on hold because they failed to upload the required proof of employment documentation.

7. After November 2, 2021, the VEC will only use ID.ME as a short-term fraud prevention measure in specific instances with notice to Plaintiffs' Advocates.

8. The VEC agrees to work with Plaintiffs' Advocates to establish an administratively feasible process whereby individuals that believe they were inaccurately flagged for potential fraud may seek resolution of their claim or pending issue associated with their claim. The parties agree to meet beginning no later than December 1, 2021 to discuss the specific details of this process.

9. Further, the VEC reactivated the document upload function on its website so that claimants may upload their PUA proof of employment documents after the Department of Labor's original deadline.  If claimants submitted proof of employment documentation prior to September 4, 2021, the VEC shall review it and, if the documentation is legitimate and there are no other issues, administratively overrule any prior disqualification issued by a hearing officer and resume benefits. If proof of employment documents were submitted by claimants through the appeal

process by September 4, 2021, the VEC shall accept the proof of employment documents if legitimate and take administrative steps to resolve the appeal as moot.

10. **First-Level Appeals**. The VEC reports that as of the week ending October 23, 2021, the total number of pending first-level appeals is 80,722.

11. The VEC will use its best efforts to increase capacity for resolving first-level appeals whenever feasible. This will include taking such steps to administratively resolve pending appeals when appropriate, such as in the circumstances described in paragraph 12 below. Until such time as the VEC meets the DOL standard for Appeals Timeliness (average case aging for lower authority appeals not being more than 30 days, otherwise known as the "Average Age of Pending Lower Authority Appeals") for three consecutive months, the VEC agrees to provide to Plaintiffs' Advocates a weekly report, by Wednesday following the reporting week, containing the total number of pending first-level appeals as of the end of the prior week and the number of appeals resolved during that week.

12. In order to address the growing number of pending first-level appeals, the VEC is reviewing all pending appeals involving monetary and wage issues, which the VEC believes to be approximately 35% of all pending first-level appeals, to determine whether the claimant is monetarily ineligible and, as a consequence, has received PUA benefits. For the monetary and wage issue appeals that fall into this category, the VEC will issue administrative orders dismissing these appeals as moot and resolve the appeal without requiring a full hearing.

13. The VEC currently has 54 appeals examiners and is looking to add more. Hiring efforts for new appeals examiners are currently ongoing and job openings have been posted at: https://virginiajobs.peopleadmin.com/postings/241641.

14. The VEC will continue to use best efforts to improve the resolution rate for pending first-level appeals. Since the appeal process is more time consuming than the deputy adjudication process, and there are often multiple parties involved, including those represented by counsel, there are limited opportunities to expedite such proceedings. As such, the VEC will continue to focus on increasing capacity for appeals while preserving the integrity of the proceeding and maintaining its obligation for due process for all parties involved. The VEC agrees to utilize other available methods to increase the agency's capacity to address the issue of pending first-level appeals, such as reassigning contract adjudicators to assist with first-level appeals (to the extent permissible), triaging issue codes to specialized groups of appeals examiners, and utilizing contract adjudication capacity if Congress or the DOL subsequently extend the merits staff exemption.

15. **Communication between VEC and Plaintiffs' Advocates Moving Forward**. Through July 31, 2022, the VEC agrees to meet with Plaintiffs' Advocates on a regular basis, as administratively feasible, to exchange information and facilitate communication regarding these remaining issues. As provided above, the VEC agrees to provide reporting to Plaintiffs' Advocates as to Unpaid Claims Awaiting Adjudication as of October 15 (until the performance standard set forth in paragraph 2 is met), call center tracking data, and first-level appeals decisions. Beginning on or before December 1, 2021, and continuing through July 31, 2022, the VEC will provide monthly reporting as to unpaid UI claims post October 15, 2021 that have been pending for more than 21 days after the claim was filed and have not been flagged for potential fraud. Additionally, the VEC agrees to provide data it provides to the DOL through July 31, 2022 regarding: a) the timeliness of Non-Monetary Determinations contemporaneously to the Plaintiffs' Advocates on a confidential basis pursuant to the Agreed Protective Order entered by the Court, including data supplied on ETA Form 9052 and ETA Form 207, at the same time it is submitted to DOL; and b)

data regarding First Level Appeals contemporaneously to the Plaintiffs' Advocates on a confidential basis pursuant to an Amended Protective Order to be filed with the Court, including the data supplied on ETA Form 5130 (Benefit Appeals Report), ETA Form 9054L (Lower Authority Appeals Time Lapse) and ETA Form 9055L (Lower Authority Appeals Case Aging).

16. **Additional Issues to be Discussed**. The VEC and Plaintiffs' Advocates agree to continue discussions regarding the development and scope of a performance scorecard to be published on its website. Such discussions will occur no later than 60 days after implementation of the VEC's unemployment insurance modernization project.

Date: November 5, 2021

Respectfully submitted,

ELLEN MARIE HESS, in her official capacity as Commissioner of the Virginia Employment Commission

By: \_\_\_\_/s/_____
William W. Tunner (VSB #38358)
William D. Prince IV (VSB #77209)
Michael G. Matheson (VSB #82391)
John P. O'Herron (VSB #79357)
Rachel W. Adams (VSB #92605)
THOMPSON MCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
wprince@t-mlaw.com
mmatheson@t-mlaw.com
joherron@t-mlaw.com
radams@t-mlaw.com

*Counsel for Defendant Ellen Marie Hess, in her official capacity as Commissioner of the Virginia Employment Commission*

ASHLEY COX, EMILY DIMOND, PENNY WILLIAMS, AMBER DIMMERLING, AND LENITA GIBSON, on behalf of themselves and all others similarly situated

By: /s/ Granville Warner
Craig C. Marchiando, VSB # 89736
Leonard A. Bennett, VSB # 37523
Drew D. Sarrett, VSB # 81658
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: drew@clalegal.com

Steven Fischbach, VSB # 94280
**VIRGINIA POVERTY LAW CENTER**
919 East Main Street, Suite 610
Richmond, VA 23219
Telephone: (804) 351-5266
Email: steve@vplc.org

Brenda Castaneda, VSB # 72809
Patrick Levy-Lavelle, VSB # 71190
Granville Warner, VSB # 24957
**LEGAL AID JUSTICE CENTER**
1000 Preston Avenue
Charlottesville, Virginia 22903
Telephone: (434) 977-0553
Email: brenda@justice4all.org
Email: pat@justice4all.org
Email: cwarner@justice4all.org

Daniel Turczan, VSB # 81551
**LEGAL AID WORKS**
500 Lafayette Blvd., Suite 100
Fredericksburg, Virginia 22401
Telephone: (540) 371-1105
Email: dturczan@legalaidworks.org

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
**KELLY GUZZO, PLC**
3925 Chain Bridge, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

*Counsel for Plaintiffs Ashley Cox, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Craig C. Marchiando (VSB #89736)
> Leonard A. Bennett (VSB #37523)
> Drew D. Sarrett (VSB # 81658)
> Consumer Litigation Associates, P.C.
> 763 J. Clyde Morris Blvd., Suite 1-A
> Newport News, VA 23601
> Telephone: (757) 930-3660
> Facsimile: (757) 930-3662
> lenbennett@clalegal.com
> craig@clalegal.com
> drew@clalegal.com
>
> Steven Fischbach (VSB #94280)
> Virginia Poverty Law Center
> 919 East Main Street, Suite 610
> Richmond, VA 23219
> Telephone: (804) 351-5266
> steve@vplc.org
>
> Brenda Castaneda (VSB #72809)
> Patrick Levy-Lavelle (VSB #71190)
> Granville Warner (VSB #24957)
> Legal Aid Justice Center
> 1000 Preston Avenue
> Charlottesville, VA 22903
> Telephone: (434) 977-0553
> brenda@justice4all.org
> pat@justice4all.org
> cwarner@justice4all.org
>
> Daniel Turczan (VSB #81551)
> Legal Aid Works
> 500 Lafayette Blvd., Suite 100
> Fredericksburg, VA 22401
> Telephone: (540) 371-1105
> dturczan@legalaidworks.org

Kristi Cahoon Kelly (VSB #72791)
Andrew J. Guzzo (VSB #82170)
Casey S. Nash (VSB #84261)
Kelly Guzzo, PLC
3925 Chain Bridge, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com
casey@kellyguzzo.com

By: /s/
William D. Prince IV (VSB #77209)
THOMPSON MCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wprince@t-mlaw.com

*Counsel for Defendant Ellen Marie Hess, in her official capacity as Commissioner of the Virginia Employment Commission*