IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ASHLEY COX, *et al.*,

      Plaintiffs,

v.

                                     Case No: 3:21-cv-253-HEH

ELLEN MARIE HESS,
in her official capacity as Commissioner
of the Virginia Employment Commission,

      Defendant.

## AGREED ORDER OF DISMISSAL

At the direction of this Court, Plaintiffs Ashley Cox, Emily Dimond, Penny Williams, Amber Dimmerling, and Lenita Gibson (the "Plaintiffs"), the Plaintiffs' advocates, Legal Aid Justice Center, Virginia Poverty Law Center, Legal Aid Works, Consumer Litigation Associates, P.C., and Kelly Guzzo PLC (the "Plaintiffs' Advocates"), and Defendant Ellen Marie Hess, in her official capacity as the Commissioner of the Virginia Employment Commission (the "Defendant," and collectively with the Plaintiffs and the Plaintiffs' Advocates, the "Parties"), each by counsel, state and propose their consent for entry of this Agreed Order dismissing this case with prejudice as to the Plaintiffs.

WHEREAS, the Plaintiffs brought this matter (the "Action") on behalf of themselves and two Putative Classes of similarly situated Virginians seeking action by the Virginian Employment Commission (the "VEC") to resolve and address what Plaintiffs alleged were violations of federal and state law and the due process clause of the Fourteenth Amendment of the U.S. Constitution through: (i) delayed adjudications necessary to pay eligible Virginians who had properly made

unemployment benefits claims, and (ii) cutting off benefits in the absence of formal determinations finding that claimants were ineligible for unemployment benefits;

WHEREAS, in response to the Action brought by the Plaintiffs, Defendant denied that Plaintiffs, or any other party or person, suffered any violations of federal or state law related to the administration of state unemployment benefits or federal pandemic-related benefits programs, and expressly denied liability to the Plaintiffs, as well as any other party or person, in connection with the allegations brought by the Plaintiffs in this Action;

WHEREAS, on May 5, 2021, the Court ordered an early telephonic status conference be held on May 14, 2021 (ECF No. 15), at which the Parties and the Court discussed a process to resolve and address issues related to the delayed adjudication and payment of Virginia unemployment claims, federal pandemic-related benefits, and the benefit cutoffs;

WHEREAS, the Court oversaw multiple telephonic and in-person conferences at which the Parties worked to mediate and resolve the issues related to unemployment benefit adjudications;

WHEREAS, on May 25, 2021, after an all-day in person judicial mediation by the Court on May 18, 2021, the Parties entered into a settlement, which was memorialized in this Court's agreed Order of Settlement Pursuant to Judicial Mediation (ECF No. 25) (the "Settlement Order"). The Settlement Order identified "shared objectives, solutions, and standards designed to expedite the resolution of pending unemployment claims awaiting adjudication," including the VEC's efforts to reduce its backlog of unemployment benefit adjudications, resolve benefit cutoffs, improve communication with claimants through the VEC's Customer Contact Center, and address other issues with the unemployment claims and appeals process;

WHEREAS, after the settlement was reached, the Parties have worked together to resolve the issues raised in this Action and those addressed in the Settlement Order under the Court's supervision by filing periodic status reports with the Court, exchanging information and holding regular meetings to discuss relevant issues;

WHEREAS, the Court has continued to monitor the progress of the VEC's efforts to reduce its backlog of unemployment benefit adjudications, resolve benefit cutoffs, and improve communication with claimants.  Multiple follow up conferences were held by the Court, and in the Court's opinion, substantial progress by the VEC was made at each interval.  Significantly, the Court commends the VEC on resolving more than 95% of the backlog of unpaid unemployment claims awaiting adjudication that existed as of May 10, 2021, resolving specific issues related to the five named Plaintiffs' benefit cases within several days, improving communication with claimants through the VEC's Customer Contact Center and addressing other issues with the unemployment claims and appeals process;

WHEREAS the Court issued a subsequent Order on August 25, 2021 (ECF No. 42) that directed the Parties to meet and provide the Court with a status report identifying "remaining issues… and benchmarks for resolution";

WHEREAS the Parties filed a Joint Status Report on November 5, 2021 (ECF No. 54) (the "Status Report") that set forth a path to resolve remaining issues and established appropriate benchmarks;

WHEREAS, throughout this period, the Parties continued to meet, collaborate, and resolve the issues in this Action; and

WHEREAS, in a telephone conference with counsel and VEC representatives on December 14, 2021, the Court instructed the Parties to prepare an order of dismissal in this case.

THEREFORE, the COURT FINDS AND ORDERS as follows:

1.     The Court hereby FINDS that the VEC has met or substantially achieved the various performance standards and benchmarks set forth in the Settlement Order and the Parties' subsequent progress reports related to the processing of unemployment claims and communication with claimants.  Given that the specific issues raised in this Action have also been addressed or resolved with respect to the named Plaintiffs, the Court hereby FINDS that the disputed issues between the Parties have been substantially resolved.

2.     The Court hereby FINDS that the VEC has materially complied with the Settlement Order.  Further, the Court, through the judicial mediation process and subsequent telephonic conferences and progress reports, has overseen the Parties and has been encouraged and satisfied with the changes made and actions taken pursuant to the Action, the Settlement Order, and the Court's instructions to accelerate the adjudication and payment of unemployment claims and federal pandemic-related benefits.

3.     The Court acknowledges that the VEC has made significant progress in processing and adjudicating unemployment claims, including taking additional steps to improve communication with claimants and hiring additional adjudicators and/or contract staff to address pending claims awaiting adjudication.

4.     The Court acknowledges that the work of the Plaintiffs' Advocates has been instrumental in raising awareness about the above-referenced issues regarding unemployment benefit adjudications and encouraging improvements in the processing of unemployment claims.

5.     Plaintiffs' Advocates and the VEC have agreed to a process going forward described in the Status Report to exchange information and work together to address and resolve

4

identified issues in a manner that the Court concludes will no longer require its oversight, and commends both sides for working together to bring this matter to resolution.

6.      The Parties disagree as to the entitlement of the Virginia legal aid organizations representing the Plaintiffs to recover their organization's attorneys' fees and costs. The Court does not here decide that issue. The Parties acknowledge that the two private law firms representing the Plaintiffs, Consumer Litigation Associates, P.C. and Kelly Guzzo, PLC, have agreed to perform their work related to this Action on a *pro bono* basis and will not seek attorneys' fees or costs for themselves. However, any motion made pursuant to Federal Rule of Civil Procedure 54 shall be filed on or before February 1, 2022, and any response in opposition from the VEC shall be filed on or before March 1, 2022. The Court retains jurisdiction to rule on any such motion.

7.      Accordingly, the Court hereby DISMISSES this case with prejudice as to the Plaintiffs and DISMISSES this case without prejudice as to the putative classes.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

Date: January 6, 2022
Richmond, Virginia

/s/
The Honorable Henry E. Hudson
Senior United States District Judge

**WE ASK FOR THIS:**

By: _____

William W. Tunner (VSB #38358)
William D. Prince IV (VSB #77209)
Rachel W. Adams (VSB #92605)
THOMPSON MCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Tel: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
wprince@t-mlaw.com
radams@t-mlaw.com

*Counsel for Defendant Ellen Marie Hess, in her*
*official capacity as Commissioner of the Virginia*
*Employment Commission*

6

Seen and agreed to:


By: _____

Leonard A. Bennett (VSB #37523)
Craig C. Marchiando (VSB #89736)
Drew D. Sarrett (VSB # 81658)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
lenbennett@clalegal.com
craig@clalegal.com
drew@clalegal.com

Steven Fischbach (VSB #94280)
Virginia Poverty Law Center
919 East Main Street, Suite 610
Richmond, VA 23219
Telephone: (804) 351-5266
steve@vplc.org

Brenda Castaneda (VSB #72809)
Patrick Levy-Lavelle (VSB #71190)
Granville Warner (VSB #24957)
Legal Aid Justice Center
1000 Preston Avenue
Charlottesville, VA 22903
Telephone: (434) 977-0553
brenda@justice4all.org
pat@justice4all.org
cwarner@justice4all.org

Daniel Turczan (VSB #81551)
Legal Aid Works
500 Lafayette Blvd., Suite 100
Fredericksburg, VA 22401
Telephone: (540) 371-1105
dturczan@legalaidworks.org

7

Kristi Cahoon Kelly (VSB #72791)
Andrew J. Guzzo (VSB #82170)
Casey S. Nash (VSB #84261)
Kelly Guzzo, PLC
3925 Chain Bridge, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com
casey@kellyguzzo.com

*Counsel for Plaintiffs Ashley Cox, et al.*